NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV21-02233-PHX-SRB |
| Plaintiff/Respondent, | CR99-00734-PHX-SRB |
| v. | |
| Carlos Garcia-Mesa, | |
| Defendant/Movant. | |

Defendant/Movant through appointed counsel filed an authorized second or successive motion pursuant to 28 U.S.C. §2255 on February 28, 2023 raising the claim that, after the United States Supreme Court decision in *United States v. Davis*, 139 U.S. 2319 (2019), his mandatory minimum sentences for his firearms' convictions were unconstitutional and his sentences for these convictions should be vacated.[1] The motion did not address the untimeliness of the original June 9, 2021 motion filed more than one-year after the decision in *Davis* despite the fact that the United States explicitly reserved the one-year time-bar argument in its briefing to the Court of Appeals opposing authorization for the filing of the second or successive §2255 motion.

The United States filed its response in opposition arguing that the §2255 motion should be denied as untimely because Defendant failed to initiate these proceedings within

---

[1] Defendant's motion also made reference to *Borden v. United States*, 142 U.S. 1817 (2021) and the Magistrate Judge addressed *Borden* in her Report and Recommendation. This Order will not discuss the merits or lack thereof of a claim under *Borden* because no objections were made to the Report and Recommendation's conclusion that a *Borden* claim was neither authorized by the Court of Appeals nor available to Defendant in a second or successive §2255 motion.

one-year of the Supreme Court's decision in *Davis* as required by 28 U.S.C. §2255(f)(3). The United States also addressed Defendant's failure to raise equitable tolling in his motion arguing that any such argument was now waived. Defendant then argued for equitable tolling in his Reply. The United States was permitted to file a sur-reply to address Defendant's equitable tolling arguments raised for the first time in his Reply.

The Magistrate Judge issued her Report and Recommendation on October 18, 2023 recommending that Defendant's §2255 motion be denied and dismissed with prejudice without an evidentiary hearing because it was filed more than one-year after the Supreme Court's decision in *Davis* and because Defendant had waived any claim for equitable tolling and, even if not waived, his assertions for equitable tolling were insufficient. Defendant filed timely written objections to which the United States responded. [2]

Defendant raises two objections only one of which will be addressed on this *de novo* review. Defendant's first objection argues that *Davis* applies and, therefore, his sentences should be reversed. But the Magistrate Judge did not make any findings about the applicability or inapplicability of *Davis* to Defendant's sentences. The Magistrate Judge made a recommendation only on the procedural questions of timeliness and equitable tolling.

Defendant does not suggest that his second or successive §2255 motion was timely. He argues only in his Objections that there should be an evidentiary hearing to determine if equitable tolling allows the *Davis* claim to be considered on its merits. Defendant says that the Magistrate Judge discounted his lack of English, failure to obtain written materials in Spanish or translation services, the COVID lockdown and "other grounds" and that he had presented a factual dispute for which there should be an evidentiary hearing. This Court disagrees for two reasons.

First, the Magistrate Judge concluded that equitable tolling was waived as it was not raised in Defendant's motion but only in his reply. Defendant's objections fail to make

---

[2] Defendant filed a pro se "Side Objection to the Magistrate's R&R" which the Court need not consider. But even if considered, Defendant's assertion that the Court of Appeals determined that his *Davis* claim was "unique and timely" is untrue.

- 2 -

any mention of the Magistrate Judge's finding that his equitable tolling argument was waived. Alternatively, the Magistrate Judge found that "[e]ven if not waived, Movant's reply assertions are insufficient." (Doc. 60, Report and Recommendation at 12).

Second, the Court agrees with the Magistrate Judge that, even if not waived, Defendant's conclusory assertions unsupported by affidavit in his Reply do not cross the high threshold to show his diligent pursuit of his claims. As noted by the Magistrate Judge, an evaluation of equitable tolling turns on an examination of detailed facts and a showing that extraordinary circumstances beyond Defendant's control were the cause of his inability to file timely. (*Id*. At 10) The Magistrate Judge detailed the deficiencies in the conclusory assertions in the Reply and the requirements for specific factual allegations which, as the Magistrate Judge explained in some detail, were not made in the Reply. Defendant's Objections, rather than dealing with clear case authority, argue that his conclusory assertions create a factual dispute warranting an evidentiary hearing. The Court agrees with the Magistrate Judge that they do not.

IT IS ORDERED overruling Movant's Objections to the Report and Recommendation.

IT IS FUTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 60)

IT IS FURTHER ORDERED denying Movant's Motion to Vacate and Set Aside a Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 48)

IT IS FURTHER ORDERED denying a Certificate of Appealability because denial of the § 2255 Motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

. . .

. . .

. . .

. . .

. . .

1    IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

3    Dated this 11th day of January, 2024.

_____
Susan R. Bolton
United States District Judge